IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH BARBOA, aka
JOSEPH SANDOVAL,

       Plaintiff,

v.                                                                     CIV No. 01-210 WJ/LFG

SCOTT BAIRD, VAN ELDREDGE,
A.N. ESCALANTE, and
BERNALILLO COUNTY,

       Defendants.

**RECOMMENDED DISPOSITION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND ORDER DIRECTING SUBMISSION OF MARTINEZ REPORT**[1]

      THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment, filed June 21, 2001 [Doc. 11]. The motion is fully briefed. In fact, Plaintiff has filed a surreply and an amended surreply (identified by Plaintiff as answers or amended answers) to Defendants' reply brief. For the reasons given below, the Court recommends denying the motion at this time, without prejudice, subject to its renewal in connection with Defendants' submission of a <u>Martinez</u> Report.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Plaintiff Joseph Barboa, aka Joseph Sandoval ("Barboa") brings this action, under 42 U.S.C. § 1983, seeking a monetary award of $10 million, future medical payments and punitive damages. He sues Defendants Scott Baird ("Baird"), Van Eldredge ("Eldredge"), and A.N. Escalante ("Escalante") for the alleged use of excessive force on Barboa and attempted murder of him while effecting his arrest. Barboa also seeks to hold Bernalillo County liable for creating customs and policies that encourage the use of excessive force against arrestees.

Defendants' Motion for Summary Judgment argues that Barboa's complaint must be dismissed under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), on the ground that Barboa's Fourth Amendment excessive force claim necessarily implies the invalidity of his conviction in State v. Joseph Sandoval aka Joseph Barboa, CR No. 98-1077 (Second Judicial District Court, Bernalillo County, New Mexico) and thus cannot form the basis of a complaint under § 1983. Heck, 512 U.S. at 487. Barboa was prosecuted and convicted in CR No. 98-1077 (after a "no contest" plea) on charges of aggravated assault upon a police officer (great bodily harm), aggravated assault upon a police officer (deadly weapon), commercial burglary, larceny (over $250), and unlawful taking of a vehicle. [Doc. 12, Ex. B.] Defendants contend that a successful claim based on excessive force in this case would be inconsistent with the criminal conviction for aggravated assault and/or would necessarily imply the invalidity of that conviction. In support of their position, Defendants rely on the principle set out by the United States Supreme Court in Heck v. Humphrey:

> a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ, of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87.

In responding to the Motion for Summary Judgment, Barboa argues that he filed motions in state court to withdraw his plea agreement, one of which was supposedly filed before he was sentenced. [Doc. 26, unnumbered exhibit.[2]] He also attached to his response a copy of a Motion to Set Conditions of Release and Withdraw Plea Agreement [Doc. 15, unnumbered exhibit], filed on June 15, 2000 in CR No. 98-1077, after he was sentenced. Defendants point out in their reply that this motion was denied on September 10, 2001. [Doc. 18, Ex. A.] In a surreply, Barboa asserts that he appealed the denial of his motion to withdraw plea. [Doc. 20, at 1.] Apparently, that appeal is still pending, as the Court has not been informed of its current status.

If Barboa's conviction has been or will be upheld, his conviction *may* preclude this § 1983 action under the principle discussed in Heck v. Humphrey.[3] Further, if Barboa's appeal still is

---

[2] It is not certain whether or not this pleading actually was filed in State Court since the copy attached is unendorsed.

[3] The Court advises the parties that it is unclear at this point whether the Heck progeny clearly supports dismissal of this § 1983 action. For example, in Martinez v. City of Albuquerque, 184 F.3d 1123 (10th Cir. 1999), the Tenth Circuit held that a conviction for resisting arrest did not preclude the plaintiff's § 1983 claim for excessive force used during the arrest. In Reed v. Smith, 182 F.3d 933 (Table, Text in Westlaw), 1999 WL 345492 at *3 (10th Cir. June 1, 1999), the Tenth Circuit recognized that courts have reached contrasting conclusions in applying Heck to excessive force claims brought under § 1983. The Court discussed results in a number of cases including the opinion of Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997), where the appellate court held that the plaintiff's excessive force claim did not necessarily imply the invalidity of the prior resisting arrest conviction under the circumstances at issue in that case. *See also* Willingham v. Loughnan, 261 F.3d 1178 (11th Cir. 2001) (finding of excessive force in § 1983 case would not necessarily call into question the validity of the plaintiff's conviction for attempted murder of police officer); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (discussing that Heck might not bar "§ 1983 claims of excessive force, even if the plaintiff was convicted of assault with a deadly weapon, because the officers still might use 'force far greater than that required for his arrest'"); Simpson v. City of Pickens, 887 F. Supp. 126, 129 (S.D. Miss. 1995) (prior conviction for resisting arrest did not bar the plaintiff's excessive force claim where it was possible to reach a finding that the plaintiff was resisting arrest along with a finding that the police used excessive force to subdue him); Rivera v. City of Irving, 2000 WL 370668 (N.D. Tex. Apr. 11, 2000) (facts presented a claim for excessive use of force that was conceptually distinct from the plaintiff's conviction for assault and therefore, did not necessarily imply the invalidity of the plaintiff's conviction); Robbins v. Chronister, 2000 WL 1389616 (D. Kan. July 28, 2000) (rejecting defendants' argument that the plaintiff's § 1983 claim was barred by Heck, under the facts of that case). Clearly, other courts have found to the contrary and have held that Heck bars an excessive force claim. *See, e.g.,* Sappington v. Bartee, 195 F.3d 234 (5th Cir. 1999) (holding that arrestee's state court conviction for aggravated assault of a police officer barred his

3

pending, this § 1983 action might be considered premature. *See* Beck v. City of Muskogee Police Department, 195 F.3d 553, 555 (10th Cir. 1999) (noting that the trial court had concluded that the plaintiff's § 1983 claims were premature under Heck.) This Court will recommend denying Defendants' Motion for Summary Judgment, subject to renewal, until further information is provided both as to Barboa's appeal and the underlying facts.[4]

The Court finds that a Martinez Report would be helpful in this case to ascertain the status of Barboa's appeal and to clarify the factual background surrounding Barboa's claims of excessive force. The Court may order Defendants in a case brought by a prisoner proceeding *pro se* to submit a special report, a Martinez Report, to investigate the incidents which form the basis for Plaintiff's lawsuit. Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978). The Tenth Circuit has authorized the Court to required a Martinez Report to develop the factual or legal basis for determining whether an inmate has a meritorious claim. *See, e.g.,* Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir. 1987). the report may be used in a variety of procedural situations, including a motion for summary judgment. If a Martinez Report is used for summary judgment purposes, however, Plaintiff must be given an opportunity to present conflicting evidence to controvert the facts set out in the report.

To assist the Court in evaluating Barboa's claims and the defense based on Heck v. Humphrey, Defendants are directed to prepare a report addressing the following matters:

---

excessive force claim); Franklin v. County of Riverside, 971 F. Supp. 1332 (C.D.Cal. 1997) (holding that claims of excessive force necessarily implied invalidity of arrestee's convictions for assault on peace officer), *aff'd*, 161 F.3d 12 (9th Cir. 1998). Moreover, it is possible that even if Heck does not preclude the § 1983 claim here, it may be subject to dismissal on the merits. *See, e.g.,* Parris v. Town of Alexander City, 45 F. Supp. 2d 1295 (M.D. Ala. 1999) (court could not conclude that defendants used excessive force in violation of the Fourth Amendment under factually similar circumstances).

[4] The Court suggests that further discussion may be of assistance with respect to the pertinent case law regarding excessive force claims as well as New Mexico law regarding the underlying elements of the offenses at issue here.

4

(1) Status of any and all post-conviction proceedings in relation to CR No. 98-1077, and specifically, the status of any appeal filed by Barboa regarding his motion(s) to withdraw plea;

(2) Description and/or clarification of the facts surrounding the March 17, 1998 arrest of Barboa;

(3) Description of any investigation conducted regarding the March 17, 1998 arrest of Barboa and results of that investigation;

(4) Whether any disciplinary actions were taken with any of the defendant officers in connection with the events of this arrest and if so, why? If not, why?; and

(5) Description of the Bernalillo County Sheriff's Department's rules, policies, or procedures (in effect during the pertinent time frame), regarding the use of force with respect to making an arrest under circumstances like or similar to those at issue here.

Defendants' Martinez Report must address each point set out above. Documents in support of the report may be submitted simultaneously with the report. However, the submission of documents alone, or documents submitted with an index but without an accompanying report, will not be in compliance with this Order. Defendants may submit affidavits in support of the report, if necessary. As indicated above, Plaintiff may file a response to the Martinez Report filed by Defendants.

**Recommended Disposition**

1. That Defendants be ordered to file a Martinez Report, as described above, within sixty days of the date this Recommended Disposition is adopted by the District Court, that Plaintiff be given thirty days from the date of service of the Martinez Report to file a response, and that the

parties be notified that the Martinez Report may be used in deciding to grant summary judgment on Plaintiff's claims; and

    2.    That Defendants' Motion for Summary Judgment [Doc. 11] be denied, without prejudice, subject to its renewal after the Martinez Report is filed.

<br>

                                                                                                             Lorenzo F. Garcia
                                                                                                            United States Magistrate Judge